```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GERMELIA JOSEPH,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           09-CV-0240(JS)(AKT)

HDMJ RESTAURANT, INC.,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Edward Lee Sample, II, Esq.
                   Frank & Associates, P.C.
                   500 Bi-County Blvd., Suite 112N
                   Farmingdale, NY 11735

For Defendant:     No appearance.
```

SEYBERT, District Judge:

Presently before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), issued on August 19, 2013. For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiff Germelia Joseph ("Plaintiff") commenced this action on January 20, 2009, against HDMJ Restaurant, Inc. ("HDMJ"), George Athanasopoulos, Gus Athanasopoulos, and Peter Athanasopoulos (collectively, "Defendants"), asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the New York State Human Rights Law ("NYHRL"), N.Y. EXEC. LAW. § 29, et seq., and New York

Labor Law. In March 2009, Defendants filed motions to dismiss the Complaint (Docket Entries 8, 11), which were granted in part and denied in part by the Court on October 19, 2009 (Docket Entry 18). The Court granted the motions to the extent that they sought dismissal of Plaintiff's NYHRL and Labor Law claims as well as all claims against George, Gus, and Peter Athanasopoulos. The Court denied the motions to the extent that they sought the dismissal of the ADA and Title VII claims against HDMJ.

HDMJ did not file an answer to the Complaint. Rather, in July 2012, counsel for HDMJ sought leave to withdraw. (Docket Entry 31.) HDMJ's principle, Gus Athanasopoulos, did not oppose the request, and Judge Tomlinson granted the application on the record on August 2, 2012 (Docket Entry 34.) In granting the application, Judge Tomlinson warned Gus that a corporation cannot represent itself pro se and granted HDMJ thirty days to obtain new counsel. (Docket Entry 34.) Judge Tomlinson held a status conference on September 6, 2012. (Docket Entry 38.) No counsel appeared on behalf of HDMJ, and HDMJ's principles, Gus, George, Peter, and James Athanasopoulos, advised Judge Tomlinson that they had no intention of retaining new counsel.

On November 27, 2012, Plaintiff moved for an entry of default against HDMJ, which was entered by the Clerk of the Court on that same day. (Docket Entries 44-45). On December 5, 2012, Plaintiff moved for default judgment (Docket Entry 46), and on

December 17, 2012, the Court referred Plaintiff's motion to Judge Tomlinson for an R&R (Docket Entry 47.)

Judge Tomlinson issued her R&R on August 19, 2013, recommending that Plaintiff's motion for default judgment be granted in part and denied in part: granted with respect to Plaintiff's Title VII claims and denied with respect to Plaintiff's ADA claims. She further recommended that damages be awarded to Plaintiff as follows: (1) $10,650.00 in back pay; (2) pre-judgment interest on the back pay running from December 12, 2005 at an annual rate of 3.37%, to be compounded annually; (3) $30,000.00 in compensatory damages; and (4) $4,371.75 in attorney's fees.

No party has objected to any portion of Judge Tomlinson's R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party has objected to Judge Tomlinson's R&R, and the Court finds it to be correct, comprehensive, well-reasoned

and free of any clear error. Accordingly, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

## CONCLUSION

Judge Tomlinson's R&R is ADOPTED in its entirety, and Plaintiff's motion for a default judgment against HDMJ is GRANTED IN PART. It is hereby ORDERED that judgment be entered on Plaintiff's Title VII claims against HDMJ in the amount of: (1) $10,650.00 in back pay, plus pre-judgment interest running from December 12, 2005 through the entry of judgment at an annual rate of 3.37%, to be compounded annually; (2) $30,000.00 in compensatory damages; and (3) $4,371.75 in attorney's fees. It is further ORDERED that Plaintiff's ADA claims are DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to enter judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  9 , 2013
       Central Islip, NY